This document contains some pages that are of poor quality at the time of imaging.

WR-80,667-01

RECEIVED IN
COURT OF CRIMINAL APPEALS
FEB 05 2015
Abel Acosta, Clerk

IN THE COURT OF CRIMINAL APPEALS OF TEXAS

EX PARTE PERRY PATTERSON # 1673121

MOTION DISMISSED
DATE: 2-11-15
BY: PC

## MOTION REQUESTING REHEARING WITH AN EN BANC PANEL

Pursuant to rule 41.1 of T.R.A.P., the appellant respectfully requests an en banc panel rehearing of his article 11.07 writ of habeas corpus and in support thereof would show this honorable Court as follows:

On January 15, 2015 this honorable Court adopted the findings of the trial court and denied applicant's writ of habeas corpus, however, this decision is contrary to United States Supreme Court precedents and even precedents of this honorable Court as the trial court clearly and plainly made findings in favor of the applicant's allegations and provided proof on record of constitutional rights violations of the Sixth and Fourteenth Amendments.

1. On March 12, 2014 this honorable court issued an order for the trial court to determine if appellate counsel pursued P.D.R. without consent of the applicant and if said P.D.R. blocked applicant's pro se P.D.R. The trial court found the answer

to both these questions to be yes. This honorable Court stated that the applicant might be entitled to relief if found to be true.

Trial court ordered appellate counsel to present an affidavit to which counsel stated under oath/swore to that he did not consult with the applicant at all after Direct appeal nor convey a intention to file a P.D.R. nor provide a copy of same to the applicant. Every act of appellate counsel falls below reasonable standards.

2. This honorable Court granted the applicant leave to file his own P.D.R. Pro se when the Court granted Pro se extension to file Pro se P.D.R. and suspension of T.R.A.P. 9.3(b) specifically" to reduce copies for Pro se Petitioner" and therefore erred in accepting a P.D.R. from counsel or any person other than the applicant as Texas does not allow hybrid representation.

3. The trial court attempted to justify non-consultation by counsel's excuse of a legal assistant quiting, however, excuses do not excuse or justify constitutional requirements of consultation neccessary for effective assistance and due process. any counselor is required to consult and inform a client for representation and this Court was not held to findings (erroneous) of the trial court see Ex Parte Rains. 555 S.W. 2d (Cr.App. 1977)

Furthurmore, 26 other grounds were left unresolved and will be plainly exposed in 22.54 Proceedings with a likely remand back

to this honorable Court as trial court failed to resolve or addres the issues or even state whether there were controverted issues or not per. T.C.C.P. art. 11.07 sec.(3)(c)

4. The applicant is entitled to due process and should receive an en banc hearing to ensure such.

WHEREFORE the applicant prays this honorable Court grant the requested En Banc Rehearing.

January 23, 2015

Respectfully submitted,

Perry Patterson

Perry Patterson# 1673121
Telford Unit
3899 State Hwy 98
New Boston, TX. 75570

-3-

## IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## EX PARTE PERRY PATTERSON # 1673121

---

## MOTION REQUESTING REHEARING WITH AN EN BANC PANEL

---

Pursuant to rule 41.1 of T.R.A.P., the appellant respectfully requests an en banc panel rehearing of his article 11.07 writ of habeas corpus and in support thereof would show this honorable Court as follows:

On January 15, 2015 this honorable Court adopted the findings of the trial court and denied applicant's writ of habeas corpus, however, this decision is contrary to United States Supreme Court precedents and even precedents of this honorable Court as the trial court clearly and plainly made findings in favor of the applicant's allegations and provided proof on record of constitutional rights violations of the Sixth and Fourteenth Amendments.

1. On March 12, 2014 this honorable court issued an order for the trial court to determine if appellate counsel pursued P.D.R. without consent of the applicant and if said P.D.R. blocked applicant's pro se P.D.R. The trial court found the answer

to both these questions to be yes. This honorable Court stated that the applicant might be entitled to relief if found to be true.

Trial court ordered appellate counsel to present an affidavit to which counsel stated under oath/swore to that he did not consult with the applicant at all after Direct appeal nor convey a intention to file a P.D.R. nor provide a copy of same to the applicant. Every act of appellate counsel falls below reasonable standards.

2. This honorable Court granted the applicant leave to file his own P.D.R. pro se when the Court granted pro se extension to file pro se P.D.R. and suspension of T.R.A.P. 9.3(b) specifically "to reduce copies for pro se petitioner" and therefore erred in accepting a P.D.R. from counsel or any person other than the applicant as Texas does not allow hybrid representation.

3. The trial court attempted to justify non-consultation by counsel's excuse of a legal assistant quitting, however, excuses do not excuse or justify constitutional requirements of consultation neccessary for effective assistance and due process. any counselor is required to consult and inform a client for representation and this Court was not held to findings (erroneous) of the trial court see Ex Parte Bains. 555 S.W. 2d (Cr.App. 1977)

Furthurmore, 26 other grounds were left unresolved and will be plainly exposed in 22.54 procedings with a likely remand back

to this honorable Court as trial court failed to resolve or address the issues or even state whether there were controverted issues or not per. T.C.C.P. art. 11.07 sec. (3)(c)

4. The applicant is entitled to due process and should receive an en banc hearing to ensure such.

WHEREFORE the applicant prays this honorable Court grant the requested En Banc Rehearing.

January 23. 2015

Respectfully submitted,

Perry Patterson

Perry Patterson # 1673121
Telford Unit
3899 State Hwy 98
New Boston, TX. 75570

- 3 -

WR-80,667-01

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## EX PARTE PERRY PATTERSON #1673121

## MOTION REQUESTING REHEARING WITH AN EN BANC PANEL

Pursuant to rule 41.1 of T.R.A.P., the appellant respectfully requests an en banc panel rehearing of his article 11.07 writ of habeas corpus and in support thereof would show this honorable Court as follows:

On January 15, 2015 this honorable Court adopted the findings of the trial court and denied applicant's writ of habeas corpus, however, this decision is contrary to United States Supreme Court precedents and even precedents of this honorable Court as the trial court clearly and plainly made findings in favor of the applicant's allegations and provided proof on record of constitutional rights violations of the Sixth and Fourteenth Amendments.

1. On March 12, 2014 this honorable court issued an order for the trial court to determine if appellate counsel pursued P.D.R. without consent of the applicant and if said P.D.R. blocked applicant's pro se P.D.R.' The trial court found the answer

to both these questions to be yes. This honorable Court stated that the applicant might be entitled to relief if found to be true.

Trial court ordered appellate counsel to present an affidavit to which counsel stated under oath/swore to that he did not consult with the applicant at all after Direct appeal nor convey a intention to file a P.D.R. nor provide a copy of same to the applicant. Every act of appellate counsel falls below reasonable standards.

2. This honorable Court granted the applicant leave to file his own P.D.R. Pro se when the Court granted Pro se extension to file Pro se P.D.R. and suspension of T.R.A.P. 9.3(b) specifically "to reduce copies for Pro se petitioner" and therefore erred in accepting a P.D.R. from counsel or any person other than the applicant as Texas does not allow hybrid representation.

3. The trial court attempted to justify non-consultation by counsel's excuse of a legal assistant quiting, however, excuses do not excuse or justify constitutional requirements of consultation neccessary for effective assistance and due process, any counselor is required to consult and inform a client for representation and this Court was not held to findings (erroneous) of the trial court see Ex Parte Rains. 555 S.W.2d (Cr.App. 1977)

Furthurmore, 26 other grounds were left unresolved and will be plainly exposed in 22.54 Procedings with a likely remand back

to this honorable Court as trial court failed to resolve or address the issues or even state whether there were controverted issues or not per. T.C.C.P. art. 11.07 sec. (3)(c)

4. The applicant is entitled to due process and should receive an en banc hearing to ensure such.

WHEREFORE the applicant prays this honorable Court grant the requested En Banc Rehearing.

January 23, 2015

Respectfully submitted,

Perry Patterson

Perry Patterson # 1673121
Telford Unit
3899 State Hwy 98
New Boston, TX. 75570

- 3 -

WR-80,667-01

IN THE COURT OF CRIMINAL APPEALS OF TEXAS

EX PARTE PERRY PATTERSON # 1673121

MOTION REQUESTING REHEARING WITH AN EN BANC PANEL

Pursuant to rule 41.1 of T.R.A.P., the appellant respectfully requests an en banc panel rehearing of his article 11.07 writ of habeas corpus and in support thereof would show this honorable Court as follows:

On January 15, 2015 this honorable Court adopted the findings of the trial court and denied applicant's writ of habeas corpus, however, this decision is contrary to United States Supreme Court precedents and even precedents of this honorable Court as the trial court clearly and plainly made findings in favor of the applicant's allegations and provided proof on record of constitutional rights violations of the Sixth and Fourteenth Amendments.

1. On March 12, 2014 this honorable court issued an order for the trial court to determine if appellate counsel pursued P.D.R. without consent of the applicant and if said P.D.R. blocked applicant's pro se P.D.R. The trial court found the answer

to both these questions to be yes. This honorable Court stated that the applicant might be entitled to relief if found to be true.

Trial court ordered appellate counsel to present an affidavit to which counsel stated under oath/swore to that he did not consult with the applicant at all after Direct appeal nor convey a intention to file a P.D.R. nor provide a copy of same to the applicant. Every act of appellate counsel falls below reasonable standards.

2. This honorable Court granted the applicant leave to file his own P.D.R. pro se when the Court granted pro se extension to file pro se P.D.R. and suspension of T.R.A.P. 9.3(b) "specifically" to reduce copies for "pro se petitioner" and therefore erred in accepting a P.D.R. from counsel or any person other than the applicant as Texas does not allow hybrid representation.

3. The trial court attempted to justify non-consultation by counsel's excuse of a legal assistant quiting, however, excuses do not excuse or justify constitutional requirements of consultation neccessary for effective assistance and due process. any counselor is required to consult and inform a client for representation and this Court was not held to findings (erroneous) of the trial court. see Ex Parte Rains. 555 3.W. 2d (Cr.App. 1977)

Furthurmore, 26 other grounds were left unresolved and will be plainly exposed in 22.54 Procedings with a likely remand back

to this honorable Court as trial court failed to resolve or address the issues or even state whether there were controverted issues or not Per. T.C.C.P. art. 11.07 sec.(3)(c)

4. The applicant is entitled to due process and should receive an en banc hearing to ensure such.

WHEREFORE the applicant prays this honorable Court grant the requested En Banc Rehearing.

January 23, 2015

Respectfully submitted,

Perry Patterson

Perry Patterson# 1673121
Telford Unit
3899 State Hwy 98
New Boston, TX. 75570

- 3 -

WR-80,667-01

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## EX PARTE PERRY PATTERSON # 1673121

## MOTION REQUESTING REHEARING WITH AN EN BANC PANEL

Pursuant to rule 41.1 of T.R.A.P., the appellant respectfully requests an en banc panel rehearing of his article 11.07 writ of habeas corpus and in support thereof would show this honorable Court as follows:

On January 15, 2015 this honorable Court adopted the findings of the trial court and denied applicant's writ of habeas corpus, however, this decision is contrary to United States Supreme Court precedents and even precedents of this honorable Court as the trial court clearly and plainly made findings in favor of the applicant's allegations and provided proof on record of constitutional rights violations of the Sixth and Fourteenth Amendments.

1. On March 12, 2014 this honorable court issued an order for the trial court to determine if appellate counsel pursued P.D.R. without consent of the applicant and if said P.D.R. blocked applicant's pro se P.D.R. The trial court found the answer

to both these questions to be yes. This honorable Court stated that the applicant might be entitled to relief if found to be true.

Trial court ordered appellate counsel to present an affidavit to which counsel stated under oath/swore to that he did not consult with the applicant at all after Direct appeal nor convey a intention to file a P.D.R. nor provide a copy of same to the applicant. Every act of appellate counsel falls below reasonable standards.

2. This honorable Court granted the applicant leave to file his own P.D.R. pro se when the Court granted pro se extension to file pro se P.D.R. and suspension of T.R.A.P. 9.3(b) specifically "to reduce copies for pro se Petitioner" and therefore erred in accepting a P.D.R. from counsel or any person other than the applicant as Texas does not allow hybrid representation.

3. The trial court attempted to justify non-consultation by counsel's excuse of a legal assistant quiting, however, excuses do not excuse or justify constitutional requirements of consultation neccessary for effective assistance and due process. any counselor is required to consult and inform a client for representation and this Court was not held to findings (erroneous) of the trial court see Ex Parte Rains. 555 S.W. 2d (Cr.App. 1977)

Furthurmore. 26 other grounds were left unresolved and will be plainly exposed in 22.54 Procedings with a likely remand back

-2-

to this honorable Court as trial court failed to resolve or address the issues or even state whether there were controverted issues or not per. T.C.C.P. art. 11.07 sec. (3)(c)

4. The applicant is entitled to due process and should receive an en banc hearing to ensure such.

WHEREFORE the applicant prays this honorable Court grant the requested En Banc Rehearing.

January 23, 2015

Respectfully submitted,

_Perry Patterson_

Perry Patterson# 1673121
Telford Unit
3899 State Hwy 98
New Boston, TX. 75570

-3-

WR-80.667-01

IN THE COURT OF CRIMINAL APPEALS OF TEXAS

EX PARTE PERRY PATTERSON #1673121

MOTION REQUESTING REHEARING WITH AN EN BANC PANEL

Pursuant to rule 41.1 of T.R.A.P., the appellant respectfully requests an en banc panel rehearing of his article 11.07 writ of habeas corpus and in support thereof would show this honorable Court as follows:

On January 15, 2015 this honorable Court adopted the findings of the trial court and denied applicant's writ of habeas corpus, however, this decision is contrary to United States Supreme Court Precedents and even precedents of this honorable Court as the trial court clearly and plainly made findings in favor of the applicant's allegations and provided proof on record of constitutional rights violations of the Sixth and Fourteenth Amendments.

1. On March 12, 2014 this honorable court issued an order for the trial court to determine if appellate counsel pursued P.D.R. without consent of the applicant and if said P.D.R. blocked applicant's pro se P.D.R. The trial court found the answer

to both these questions to be yes. This honorable Court stated that the applicant might be entitled to relief if found to be true.

Trial court ordered appellate counsel to present an affidavit to which counsel stated under oath/swore to that he did not consult with the applicant at all after Direct appeal nor convey a intention to file a P.D.R. nor provide a copy of same to the applicant. Every act of appellate counsel falls below reasonable standards.

2. This honorable Court granted the applicant leave to file his own P.D.R. Pro se when the Court granted pro se extension to file Pro se P.D.R. and suspension of T.R.A.P. 9.3(b) specifically "to reduce copies for Pro se Petitioner" and therefore erred in accepting a P.D.R. from counsel or any person other than the applicant as Texas does not allow hybrid representation.

3. The trial court attempted to justify non-consultation by counsel's excuse of a legal assistant quiting, however, excuses do not excuse or justify constitutional requirements of consultation neccessary for effective assistance and due process, any counselor is required to consult and inform a client for representation and this Court was not held to findings (erroneous) of the trial court see Ex Parte Rains, 555 S.W. 2d (Cr. App. 1977)

Furthurmore, 26 other grounds were left unresolved and will be plainly exposed in 22.54 proceedings with a likely remand back

-2-

to this honorable Court as trial court failed to resolve or address the issues or even state whether there were controverted issues or not Per T.C.C.P. art. 11.07 sec. (3)(c)

4. The applicant is entitled to due process and should receive an en banc hearing to ensure such.


WHEREFORE the applicant prays this honorable Court grant the requested En Banc Rehearing.


January 23, 2015

Respectfully submitted,

*Perry Patterson*

Perry Patterson # 1673121
Telford Unit
3899 State Hwy 98
New Boston, TX. 75570

- 3 -

WR-80,667-01

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## EX PARTE PERRY PATTERSON #1673121

## MOTION REQUESTING REHEARING WITH AN EN BANC PANEL

Pursuant to rule 41.1 of T.R.A.P., the appellant respectfully requests an en banc panel rehearing of his article 11.07 writ of habeas corpus and in support thereof would show this honorable Court as follows:

On January 15, 2015 this honorable Court adopted the findings of the trial court and denied applicant's writ of habeas corpus, however, this decision is contrary to United States Supreme Court precedents and even precedents of this honorable Court as the trial court clearly and plainly made findings in favor of the applicant's allegations and provided proof on record of constitutional rights violations of the Sixth and Fourteenth Amendments.

1. On March 12, 2014 this honorable court issued an order for the trial court to determine if appellate counsel pursued P.D.R. without consent of the applicant and if said P.D.R. blocked applicant's pro se P.D.R. The trial court found the answer

to both these questions to be yes. This honorable Court stated that the applicant might be entitled to relief if found to be true.

Trial court ordered appellate counsel to present an affidavit to which counsel stated under oath/swore to that he did not consult with the applicant at all after Direct appeal nor convey a intention to file a P.D.R. nor provide a copy of same to the applicant. Every act of appellate counsel falls below reasonable standards.

2. This honorable Court granted the applicant leave to file his own P.D.R. Pro se when the Court granted Pro se extension to file Pro se P.D.R. and suspension of T.R.A.P. 9.3(b) specifically "to reduce copies for Pro se Petitioner" and therefore erred in accepting a P.D.R. from counsel or any person other than the applicant as Texas does not allow hybrid representation.

3. The trial court attempted to justify non-consultation by counsel's excuse of a legal assistant quiting, however, excuses do not excuse or justify constitutional requirements of consultation neccessary for effective assistance and due process, any counselor is required to consult and inform a client for representation and this Court was not held to findings (erroneous) of the trial court see Ex Parte Rains. 555 S.W. 2d (Cr.App. 1977)

Furthurmore, 26 other grounds were left unresolved and will be plainly exposed in 22.54 Proceedings with a likely remand back

to this honorable Court as trial court failed to resolve or addres the issues or even state whether there were controverted issues or not per. T.C.C.P. art. 11.07. sec.(3)(c)

4. The applicant is entitled to due process and should receive an en banc hearing to ensure such.

WHEREFORE the applicant prays this honorable Court grant the requested En Banc Rehearing.

January 23, 2015

Respectfully submitted,

Perry Patterson

Perry Patterson# 1673121
Telford Unit
3899 State Hwy 98
New Boston, TX. 75570

- 3 -

WR-80,667-01

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## EX PARTE PERRY PATTERSON # 1673121

## MOTION REQUESTING REHEARING WITH AN EN BANC PANEL

Pursuant to rule 41.1 of T.R.A.P., the appellant respectfully requests an en banc panel rehearing of his article 11.07 writ of habeas corpus and in support thereof would show this honorable Court as follows:

On January 15, 2015 this honorable Court adopted the findings of the trial court and denied applicant's writ of habeas corpus, however, this decision is contrary to United States Supreme Court precedents and even precedents of this honorable Court as the trial court clearly and plainly made findings in favor of the applicant's allegations and provided proof on record of constitutional rights violations of the Sixth and Fourteenth Amendments.

1. On March 12, 2014 this honorable court issued an order for the trial court to determine if appellate counsel pursued P.D.R. without consent of the applicant and if said P.D.R. blocked applicant's pro se P.D.R.' The trial court found the answer

to both these questions to be yes. This honorable Court stated that the applicant might be entitled to relief if found to be true.

Trial court ordered appellate counsel to present an affidavit to which counsel stated under oath/swore to that he did not consult with the applicant at all after Direct appeal nor convey a intention to file a P.D.R. nor provide a copy of same to the applicant. Every act of appellate counsel falls below reasonable standards.

2. This honorable Court granted the applicant leave to file his own P.D.R. Pro se when the Court granted Pro se extension to file Pro se P.D.R. and suspension of T.R.A.P. 9.3(b) "specifically" to reduce copies for "Pro se Petitioner" and therefore erred in accepting a P.D.R. from counsel or any person other than the applicant as Texas does not allow hybrid representation.

3. The trial court attempted to justify non-consultation by counsel's excuse of a legal assistant quiting, however, excuses do not excuse or Justify Constitutional requirements of consultation neccessary for effective assistance and due process. any counselor is required to consult and inform a client for representation and this Court was not held to findings (erroneous) of the trial court see Ex Parte Rains. 555 S.W. 2d (Cr. App. 1977)

Furthurmore, 2b other grounds were left unresolved and will be plainly exposed in 22.54 Procedings with a likely remand back

-2-

to this honorable Court as trial court failed to resolve or addres the issues or even state whether there were controverted issues or not per. T.C.C.P. art. 11.07 sec.(3)(c)

4. The applicant is entitled to due process and should receive an en banc hearing to ensure such.

WHEREFORE the applicant prays this honorable Court grant the requested En Banc Rehearing.

January 23, 2015

Respectfully submitted,

Perry Patterson# 1673121
Telford Unit
3899 State Hwy 98
New Boston, TX. 75570

-3-

WR-80,667-01

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## EX PARTE PERRY PATTERSON # 1673121

## MOTION REQUESTING REHEARING WITH AN EN BANC PANEL

Pursuant to rule 41.1 of T.R.A.P., the appellant respectfully requests an en banc panel rehearing of his article 11.07 writ of habeas corpus and in support thereof would show this honorable Court as follows:

On January 15, 2015 this honorable Court adopted the findings of the trial court and denied applicant's writ of habeas corpus, however, this decision is contrary to United States Supreme Court precedents and even precedents of this honorable Court as the trial court clearly and plainly made findings in favor of the applicant's allegations and provided proof on record of constitutional rights violations of the Sixth and Fourteenth Amendments.

1. On March 12, 2014 this honorable court issued an order for the trial court to determine if appellate counsel pursued P.D.R. without consent of the applicant and if said P.D.R. blocked applicant's pro se P.D.R.' The trial court found the answer

to both these questions to be yes. This honorable Court stated that the applicant might be entitled to relief if found to be true.

Trial court ordered appellate counsel to present an affidavit to which counsel stated under oath/swore to that he did not consult with the applicant at all after Direct appeal nor convey a intention to file a P.D.R. nor provide a copy of same to the applicant. Every act of appellate counsel falls below reasonable standards.

2. This honorable Court granted the applicant leave to file his own P.D.R. Pro se when the Court granted Pro se extension to file Pro se P.D.R. and suspension of T.R.A.P. 9.3(b) specifically "to reduce copies for Pro se Petitioner" and therefore erred in accepting a P.D.R. from counsel or any person other than the applicant as Texas does not allow hybrid representation.

3. The trial court attempted to justify non-consultation by counsel's excuse of a legal assistant quitting, however, excuses do not excuse or justify constitutional requirements of consultation necessary for effective assistance and due process. Any counselor is required to consult and inform a client for representation and this Court was not held to findings (erroneous) of the trial court see *Ex Parte* Rains. 555 S.W. 2d (Cr. App. 1977)

Furthurmore, 26 other grounds were left unresolved and will be plainly exposed in 22.54 Procedings with a likely remand back

to this honorable Court as trial court failed to resolve or addres the issues or even state whether there were controverted issues or not per. T.C.C.P. art. 11.07 sec.(3)(c)

4. The applicant is entitled to due process and should receive an en banc hearing to ensure such.

WHEREFORE the applicant prays this honorable Court grant the requested En Banc Rehearing.

January 23, 2015

Respectfully submitted,

Perry Patterson

Perry Patterson # 1673121
Telford Unit
3899 State Hwy 98
New Boston, TX. 75570

- 3 -